J-S67041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| XAVIER J. RAMOS, | |
| Appellant | No. 529 MDA 2015 |

Appeal from the Judgment of Sentence February 25, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001648-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 29, 2015**

Appellant, Xavier J. Ramos, appeals from the judgment of sentence entered on February 25, 2015.  On appeal he challenges the weight of the evidence for his jury conviction of aggravated indecent assault, corruption of minors, and indecent assault.[1]  We affirm.

The underlying facts and procedural history are as follows.  On July 29, 2013, the victim, M.W., was thirteen years old.  She spent the previous night sleeping on the sofa in Appellant's house because she was babysitting for Appellant and his wife's young child.  Appellant and his wife are M.W.'s uncle and aunt.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(8), 6301(a)(1)(i), and 3126(a)(8), respectively.

After M.W. awoke, Appellant carried her to his bedroom, placed her on his bed, and left. M.W. laid on the bed and watched Appellant's children play a computer game in the bedroom. Appellant reentered the room, laid behind M.W. on the bed and began to "hump" her from behind by rubbing his penis against her buttocks. He also placed his hand down M.W.'s pants and began to move it sideways on her labia. At trial, M.W. testified that she did not say anything at the time because she was scared and in shock. The entire incident lasted approximately eight minutes after which M.W. went to the bathroom. When M.W. returned from the bathroom, Appellant picked her up, spun her around, and told her that he loved her.

On January 8, 2015, this matter proceeded to a jury trial. Appellant did not appear at the time designated for trial, and after making various efforts to locate him to no avail, the trial court proceeded with the jury trial in his absence. Appellant was convicted of the aforementioned charges. On February 25, 2015, Appellant appeared for sentencing. The court imposed an aggregate sentence of not less than six nor more than fifteen years of incarceration.

Appellant did not file any post-sentence motions. *See* Pa.R.Crim.P. 720(A)(1) (requiring a written post-sentence motion to be filed no later than ten days after imposition of sentence). On March 2, 2015, Appellant's counsel filed a motion to withdraw as counsel. On March 9, 2015, Appellant, acting *pro se*, sent a letter to the court stating that he intended to hire a

new attorney to represent him in his appeal. On March 20, 2015, Appellant, again acting *pro se*, filed a petition to contest the charges.

On March 24, 2015, the trial court found Appellant's petition to contest the charges the equivalent of a notice of appeal and issued an order which stated that once the issue of who would be representing Appellant was determined, the court would enter a Rule 1925(b) order to identify what issues would be pursued on appeal. (**See** Order, 3/24/15). On March 26, 2015, the trial court denied Appellant's counsel's petition to withdraw, and directed Appellant to file his concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

On April 16, 2015, Appellant timely filed a counseled concise statement of errors complained of on appeal. **See id.** The trial court filed its 1925(a) opinion on May 15, 2015. **See** Pa.R.A.P. 1925(a).

Appellant raises one issue for our review: "[1.] Whether the verdict was against the weight of the evidence?" (Appellant's Brief, at 6) (most capitalization omitted). This issue is waived.

"[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." **See Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (citations omitted); **see also** Pa.R.Crim.P. 607.

Here, our review of the record does not reveal, and Appellant does not indicate, that he moved for a new trial on a weight of the evidence grounds or filed a post-sentence motion raising a weight of the evidence claim. Accordingly, Appellant has waived his claim. **See Thompson**, **supra** at 490-91. Additionally, although the trial court addressed Appellant's weight of the evidence challenge in its 1925(a) opinion (rejecting it), by that time, the trial court was divested of its jurisdiction to rule on the issue or take any further action in the case. **See id.** at 491; (**see also** Trial Ct. Op., at 9-11).

Moreover, on independent review, we discern no basis that would have made it appropriate for the trial court to grant a new trial on a weight of the evidence claim if Appellant had properly raised such claim.

Our standard of review for a challenge to the weight of the evidence is well-settled.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Charlton**, 902 A.2d 554, 561 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006) (citation omitted).

Here, by its verdict the jury found the testimony of the victim to be credible and found Appellant guilty of aggravated indecent assault, corruption of minors, and indecent assault. Although Appellant contends that this was against the weight of the evidence because testimony of the victim was not credible, "[t]his Court has long-recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." *Id.* at 562 (citation and internal quotation marks omitted).

Accordingly, even if this issue had not been waived, we would conclude that the "verdict is [not] so contrary to the evidence as to shock one's sense of justice." *Id.* at 561.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015